UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

AUG 1 1 2014

MATTHEW J. DYKMAN
CLERK

JAMES A. CHESLEK
    Plaintiff

Vs.

GE CAPITAL RETAIL BANK
    Defendant

Civil Action No.

CV-14-704

## COMPLAINT
### PLAINTIFF DEMANDS TRIAL BY JURY

### Jurisdiction and Venue

1. This is an action under the Fair Debt Collection Practices Act, hereinafter "FDCPA", 15 U.S.C. 1692, et seq, the Fair Credit Reporting Act, hereafter "FCRA", 15 U.S.C. 1681, et seq. as well as under the New Mexico Unfair Practices Act 57-12-1 through 57-12-24.

2. Jurisdiction in this case is founded upon 15 U.S.C. 1692k which grants the United States District Courts jurisdiction to hear this action without regard to the amount in controversy.

3. Venue is founded upon 28 U.S.C. 1391(b)(2).

4. Congress found it necessary to pass the "FDCPA" due to rampant practices by dishonorable debt collectors. 15 USC 1692 is entitled "Congressional Findings and Declaration of Purpose" and it states as follows:

    (a) There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs and to invasion of individual privacy.

### Parties

5. The plaintiff is James A. Cheslek.

6. Defendant GE CAPITAL RETAIL BANK is a company doing business in New Mexico and throughout the United States, whose principal office is PO Box 981426, El Paso, TX 79998, primarily as a consumer debt collection company.

7. The defendant hereinabove is a debt collectors as defined by FDCPA, 15 U.S.C. 1692a(6).

8. The Plaintiff, James A. Cheslek, is a consumer as defined by FDCPA, 15 U.S.C. 1692a(3)

**Factual Allegations**

9. Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

10. Plaintiff, James A. Cheslek, in contemplation of purchasing and financing a new automobile reviewed his credit report with the three major credit reporting agencies in December, 2013.

11. While reviewing his credit reports with Transunion, Experian and Equifax, plaintiff noticed that defendant, GE CAPITAL RETAIL BANK/WALMART was reporting that plaintiff was delinquent on a Walmart charge account in the amount of $1,264.

12. Plaintiff immediately disputed this report online with all three credit reporting agencies, Transunion, Equifax and Experian, and requested that this debt be properly and legally verified pursuant to the FDCPA.

13. Plaintif also disputed this debt directly with the defendant, GE Capital Retail Bank, on December 9, 2013 and requested that the defendant properly and legally verify this alleged debt pursuant to the FDCPA. Plaintiff also requested that defendant forward to him a copy of the original credit card agreement and copies of all receipts to verify the amount allegedly owed. See attached letter labelled as Exhibit A.

14. On December 27, 2013 the defendant, GE Capital, responded to plaintff's letter by stating that they no longer owned the account and plaintiff should contact the new owner, Secured Credit Services. Defendant's response went on to state that "in view of the fact that GE Capital Retail Bank no longer owns the account, we will not be able to assist you with the above account." See attached letter labelled Exhibit B.

15. Defendant did not send plaintiff a copy of the signed credit card agreement or copies of any receipts to verify the alleged debt as plaintiff requested.

16 Defendant then continued to verify with the three credit reporting agencies that the information it had previously provided was accurate and correct.

17. The three major credit reporting agencies are showing this alleged debt as being sold to another creditor and the amount of $1,264 was charged off or written off.

18. When contacted by the plaintiff the alleged new owner of this account, Secured Credit Services, said they were not the owner of this account and had never reported anything negative to any of the credit reporting agencies.

19. On February 5, 2014 plaintiff again wrote to the defendant and asked the Defendant to properly validate this debt pursuant to FDCPA. See attached letter labelled Exhibit C.

20. Plaintiff did some research and discovered that this alleged debt was now owned by Midland Credit Management.

21. Plaintiff wrote to Midland Credit Management on February 10, 2014 and requested they either properly validate this debt or remove it from plaintiff's credit report.

22. On March 7, 2014 Midland Credit Management wrote to the plaintiff and reported they agreed with him that this debt could not be verified and instructed the three major credit reporting companies the delete this account from plaintiff's credit file. See attached letter marked as Exhibit D.

23. On April 9, 2014 plaintiff again wrote to the Defendant, GE Capital Retail Bank, and forwarded the letter from Midland Credit Management stating they had instructed the three major credit reporting companies to delete this account from plaintiff's credit file.

24. In the April 9, 2014 letter the plaintiff once again asked the defendant, GE Captial Retail Bank, to either properly validate this alleged debt pursuant to The Fair Debt Collection Practices Act or to delete it from plaintiff's credit file. See attached letter labelled Exhibit E.

25. On April 28, 2014 the defendant GE Capital Retail Bank wrote to plaintiff and stated they would review this account and respond to his inquiries.

26. On May 7, 2014 the defendant, GE Capital Retail Bank, wrote to plaintiff and indicated they had reviewed the following documents:
    - Purchases
    - Payment history
    - Account statements
    - Written correspondence
    - Account notes

The letter went on to state that the account was charged off due to delinquency and had been sold to Secured Credit Services. The letter did not include or attach copies of the documents that defendant claimed to have reviewed and that would properly verify this debt pursuant to Federal law. These are the same documents plaintiff has been requesting for the past five months. See attached letter labelled Exhibit F.

27. In addition, this letter now stated that this account was owned by GE CAPITAL RETAIL BANK, not Secured Credit Services or Midland Credit Management as defendant had previously claimed.

28. On May 19, 2014, the plaintiff, one more time, specifically requested copies of the documents defendant had claimed to review to verify this debt under the FDCPA. See copy of plaintiff's letter to defendant attached and marked Exhibit G.

29. Instead of responding to plaintiff's letter for verification the defendant wrote to Plaintiff and again claimed "we no longer own this account". Defendant claimed they had notified the three credit bureaus and instructed them to report this account as "sold or transferred to another creditor" with a zero balance. This has has not been done and the account is showing as a balance of $1,264 written off. See defendant's letter dated May 28, 2014 attached and and marked as Exhibit H.

30. On June 12, 2014 plaintiff wrote to defendant one last time and requested that defendant either instruct the three major credit reporting agencies to delete this account from plaintiff's credit file or produce the documents they claim to have reviewed to verify this account along with a credit card agreement signed by the plaintiff and copies of all receipts for purchases to verify the amount allegedly owed. See attached letter marked as Exhibit I.

31. The defendant failed to respond to plaintiff's letter of June 12, 2014 and has wilfully refused to produce those documents necessary to properly and legally verify this alleged debt pursuant to federal law and has continued to report this negatively to the three major credit reporting agencies, thus damaging plaintiff's credit.

32. On August 4, 2014, plaintiff wrote yet again to the defendant asking why it had not responded to his letter of June 12, 2014. See attached letter marked as Exhibit J.

33. Defendant has for the past eight months, and still to this day, continues with collection activities against the plaintiff. As of August 1, 2014 defendant has reported and continues to report to the three major credit reporting agencies that this collection account is still a valid, verified account with a delinquency of $1,264, thus damaging plaintiff's credit.

34. The defendant has a policy and procedure to refuse to properly update credit reports of consumers, like the plaintiff, who do not owe the alleged debt.

35. The reason is to purposely keep false information on the plaintiff's credit report.

36. Defendants have promised through their subscriber agreements or contracts with the credit reporting agencies to accurately update consumer accounts but these defendant have wilfully, maliciously, recklessly, wantonly and/or negligently failed to follow this requirement as well as the requirements set forth under the FDCPA, the FCRA, and New Mexico state law, which has resulted in the intended consequences of this information remaining on plaintiff's credit reports.

37. Defendants assumed a duty, through their subscriber agreement to accurately report accounts and balances and this duty was breached in a negligent, wanton, reckless, wilful, intentional and/or malicious manner.

38. Defendants, have a policy to "park" their accounts on consumers' credit reports. This is a term in the industry for keeping a false account on the credit report so that the consumer will be forced to pay money in order to obtain a refinancing or to qualify for a low interest loan or to increase the consumers' credit score from the artificially lowered score which directly resulted from defendants' intentional and malicious conduct.

39. Defendants know that "parking" a false account will lead to false and defamatory information being published every time the plaintiff's credit report is accessed and this is the malicious and intentional design behind defendants' actions with the goal to force the plaintiff to pay on an account plaintiff does not owe.

40. At all relevant times defendants failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of plaintiff's credit report, concerning the account in question, violating 15 U.S.C. 168 e(b), the Fair Credit Reporting Act and New Mexico state law.

## Claim for Relief

41. Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

42. Defendants' actions constituted a "legal action" prohibited by 15 U.S.C. 1692i.

43. By threatening collection activity to collect an amount due to which defendants had no proof, defendants violated 15 U.S.C. 1692 e(2) and the Fair Credit Reporting Act by falsely representing the validity and amount of a debt.

44. The defendants violated 15 U.S.C. 1692 f(1) in attempting to collect a debt not founded upon any lawful instrument of indebtedness.

45. The defendants violated 15 U.S.C. 1692 e(2) by threatening collection activities on an account which they knew or should have known that the Statute of Limitations had run.

46. On December 15, 2010 the New Mexico Attorney General released a rule concerning the collection of time barred debt in New Mexico. The rule requires debt collectors to determine whether a debt is time barred and to provide certain disclosures when collecting time barred debt in New Mexico. The rule defines time barred debt as "any debt that is not enforceable in a judicial proceeding because the applicable statute of limitations has run."

47. If the debt collector has reason to know or knows a debt is time barred, the collector must inform the consumer of the following:
    a. We are required by New Mexico Attorney General Rule to notify you of the following information. This information is not legal advice.
    b. The debt is or may not be enforceable through lawsuit because the applicable statute of limitations has or may have expired.
    c. If the debt is time barred, the consumer cannot be required to pay through a lawsuit.

48. The defendants violated 15 U.S.C. 1692 e(2) and the Fair Credit Reprting Act by using false, deceptive, or misleading representations in connection with the attempted collection of this alleged debt.

49. The defendants' actions violated 15 U.S.C. 1692 f(1) in that their actions were an unfair and/or unconscionable means to collect a debt.

50. Defendants continue to report to Equifax that the collection account in question is still a valid verified account despite their refusal to produce a signed card holder agreement with the plaintiff, receipts for purchases to validate this alleged debt and billing statements to verify this debt, all in violation of 15 U.S.C.1681s-2(A) & (B) and the Fair Credit Reporting Act.

51. Defendants continue to report to TransUnion that the collection account in question is still a valid verified account despite their refusal to produce a signed card holder agreement with the plaintiff, receipts for purchases to validate this alleged debt and billing statements to verify this debt, all in violation of 15 U.S.C. 1681s-2(A) & (B) and the Fair Credit Reporting Act.

52. Defendants continue to report to Experian that the collection account in question is still a valid verified account despite their refusal to produce a signed card holder agreement with the plaiintiff, receipts for purchases to validate this alleged debt and billing statements to verify this debt, all in violation of 15 U.S.C.1681s-2(A) & (B) and the Fair Credit Reporting Act.

53. Defendants violated plaintiff's right of privacy. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practice's Act, when it stated as part of its findings:

> <u>Abusive debt collection practices contribute</u> to the number of personal bankruptcies, to mental instability, to loss of jobs and <u>to invasions of individual privacy.</u> 15 U.S.C. 1692 (a) (emphasis added).

54. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leach Bliley Act, which regulates the privacy of consumer financial data for a broad of "financial institutions" including debt collectors, when it stated as part of its purposes:

> It is the policy of the Congress that <u>each financial institution has an affirmative and continuing obligation to respect the privacy of its customers</u> and to protect the security and confidentiality of those customers' nonpublic personal information.

55. The conduct of the defendants in engaging in the above described illegal collection conduct against plaintiff resulted in multiple intrusions and invasions of plaitntiff's privacy by defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

56. The false credit reporting by the defendants to the three credit reporting agencies also resulted in invasions of privacy of the plaintiff.

57. As a result of all the intrusions and invasions of privacy, as well as the violations of the FDCPA and the FCRA plaintiff is entitled to actual damages in an amount to be determined at trial from the defendants pusuant to section 1692 e(8) of the FDCPA and sections 616 and 617 of the FCRA.

58. All acts of defendants were committed with malice, intent, wantonness, and/or recklessness and as such defendants are subject to punitive damages.

WHEREFORE, Plaintiff demands judgment against the defendant herein for:

a. Actual damages

b. Statutory damages of $1,000 per violation under the FDCPA and the FCRA

c. Punitive damages

d. Court costs and fees and

e. Such other relief that the Court feels is just and proper.

James A. Cheslek, Pro Se

*James A Cheslek*

5515 Havasu Ave. NW
Albuquerque, NM 87120
505-559-5213

PLAINTIFF DEMANDS TRIAL BY JURY IN THIS CASE.

James A. Cheslek, Pro Se

*James A Cheslek*

5515 Havasu Ave. NW
Albuquerque, NM 87120
505-559-5213

December 9, 2013

From: James Cheslek
      5515 Havasu Ave. NW
      Albuquerque, NM 87120


To: GECRB/ Walmart Cons US

Re: Account#  603220348355

   Dear Sir/Madam:

   In accordance with the Fair Debt Collection Practice Act, section 1692g, I am requesting that you validate this debt. That verification must be in writing with the name and address of the original creditorand supporting evidence of the alleged debt.

   If this is a credit card or open account debt, I am requesting that you send me a copy of my original application or sales agreement, so that I can identify my signature. I am also requesting that you send me copies of all receipts so I can verify the amount you claim is owed.

   I have also checked with the Attorney General's office in New Mexico and they believe that given the age of this alleged debt that the Statute of Limitations has expired. If this is the case and you choose to pursue this matter in Court, I will be forced to show proof that the Statute of Limitations has expired. Also, if the Staute of Limitations has expired I will anticipate that this alleged debt will be removed from my credit report. If it is not removed in a timely fashion I will take this to be a violation of the Fai r Debt Collection Practices Act and will proceed accordingly.

   Thank you for your attention to this letter.

                                                       Sincerely,
                                                       *James A Cheslek* (signature)
                                                       James A. Cheslek


CC: TranUnion
    Experian
    Equifax




## EXHIBIT A



**GE Capital Retail Bank**
P.O. Box 981426
El Paso, TX 79998
USA

December 27, 2013

James Cheslek
5515 Havasu Ave. NW
Albuquerque, NM 87120

RE: **Walmart** credit card Account ending with **5669**

To whom it may concern:

Our office received your recent correspondence regarding the above referenced account. On behalf of GE Capital Retail Bank ("GECRB"), the credit provider for the Walmart credit account, I offer the following response.

Please be advised that on December 19, 2010 your Walmart credit card account was sold to Secured Credit Services. GE Capital Retail Bank no longer owns the account.

In view of the fact that GE Capital Retail Bank no longer owns the account, we will not be able to assist you with the above account. Please contact Secured Credit Services directly at 1-866-699-7889.

Sincerely,

*Brandon Dennis*

Corporate Affairs Recovery Specialist

**EXHIBIT B**

February 5, 2014

From: James A. Cheslek
5515 Havasu Ave. NW
Albuquerque, NM 87120

To: GE Capital Retail Bank
PO Box 981426
El Paso, TX 79998

Re: Walmart credit card account ending in 5669 or account # 603220348355

Dear Sir/ Madam:

I am writing to you concerning my letter of December 9, 2013 and your response of December 27, 2013. My December 9 letter requested that you properly and legally validate this debt pursuant to the Fair Debt Collection Practices Act. Instread of validating this debt you told me you no longer owned this debt and you could not help me.

I don't care who owns the debt. If you don't own it why are you reporting it negatively to the three credit reporting agencies? If you are going to continue to report this to the credit reporting agencies then you need to properly and legally "validate" the debt. This is what the federal law requires you to do. I dispute ever having a Walmart credit card. Please send me a signed credit card agreement to prove this is a valid debt. I dispute the amount you claim is owed on this card. Please send me copies of all receipts so I can see how you calculated the amount owed. It is against the law to report a debt you cannot prove. It is against the law to report a debt with an inaccurate amount. It is against the law to report a debt that is beyond the Statute of Limitations.

If you do not properly and legally "validate" this debt I will have no choice other than to file a lawsuit in Federal Court in Albuquerque requesting statutory penalties of $1,000 per violation.

Thank you for your attention to this matter.

Sincerely,

*James A. Cheslek*
James A. Cheslek

**EXHIBIT C**



Midland Credit Management, Inc.
8875 Aero Drive
Suite 200
San Diego, CA 92123

Contact Information: Tel (800) 825-8131
Hours of Operation: M – Th 6am – 7pm
Fri – Sat 6am – 5pm
Sun 5am – 12:30pm Pacific Time

Original Creditor: GE Money Bank
Original Account No.: 6032203483555669



James Cheslek
5515 Havasu Ave NW
Albuquerque, NM 87120-3219

MCM Account No.: 8545779436
Current Balance: $2,027.66

03-07-2014

RE: GE Money Bank / Wal-Mart

Dear James,

Based on the information provided to us, we have instructed the three major credit reporting agencies to delete the above-referenced MCM account from your credit file. Please be advised, our credit reporting does not affect any credit reporting of this account by the original creditor.

If you have questions regarding your credit report being updated, you may contact the credit reporting agencies in writing or by calling:

| Equifax/CBI | Experian | Trans Union |
|---|---|---|
| PO Box 740241 | PO Box 2002 | PO Box 2000 |
| Atlanta, GA 30374-0241 | Allen, TX 75013 | Chester, PA 19022 |
| (800) 685 – 1111 | (888) 397 – 3742 | (800) 916 – 8800 |
| www.equifax.com | www.experian.com/reportaccess | www.transunion.com |

Please feel free to contact us at **(800) 825-8131** extension 32980, should you have any questions.

Sincerely,

Consumer Relations

**EXHIBIT D**

April 9, 2014

From: James A Cheslek
5515 Havasu Ave. NW
Albuquerque, NM 87120

To: GE Retail Bank/Walmart
PO Box 981426
El Paso, TX 79998

Re: Walmart credit card ending in 56669 or account # 603220348355

Dear Sir/Madam:

I am following up our various correspondence regarding the above captioned account. I initially wrote to you on December 9, 2013 disputing this account to the three CRAs. You responded by saying you could not help me because this account was no longer owned by you but had been sold to Secured Credit Services. When checking with Secured Credit Services they said they did not own this account. Further investigation revealed it is owned by Midland Credit Management.

I wrote to Midland Credit Management disputing this account and they agreed with me that this account could not be properly and legally verified and instructed the three CRAs to remove this from my credit report. A copy of their lettter is enclosed for your review.

EXHIBIT E

So, if the owner of this account agrees it cannot be verified and has instructed the three CRAs to remove it from my credit report, why are you continuing to report it? You claim you confirmed the information you are reporting to the three CRAs is accurate. I would like to see copies of whatever you reviewed to ensure that you have documentation to legally verify this debt to the CRAs. Additionally, since MCM, the owner of this account, has removed it from my credit report I am demanding that you do likewise. I will diary this matter for 30 days and ask that you send me confirmation that you have requested the three CRAs to remove this from my credit report.

Sincerely,

*James A. Cheslek*

James A. Cheslek

GE CAPITAL RETAIL BANK
P.O. Box 965022
Orlando, FL 32896-5022

47239
A101

05/07/2014

JAMES A CHESLEK
1039 KISKA ST NW
ALBUQUERQUE NM 87120-2990

**Account Number Ending In: 5669**

Dear JAMES A CHESLEK,

Thank you for your recent inquiry regarding your Walmart Credit Card account, and the opportunity to be of service to you.

Based on your credit bureau dispute, we have reviewed the following information on your account record: purchases, payment history, account statements, written correspondence, and account notes. Our research indicates we are reporting your account correctly to the credit bureau. Based on this research we are unable to delete or modify our reporting of your account to the major credit bureau reporting agencies.

Please be advised your account was charged off due to delinquency on 02/21/2010 and has been placed with or sold to the following collection agency:

Agency Name: Sec Cred Svcs
Phone: 866-699-7889

Please contact this agency directly should you have any questions for any payment inquiries.

You may want to visit www.annualcreditreport.com or call 1-877-FACTACT (322-8228) to learn about the opportunity to receive a free credit report every 12 months from each credit reporting company. The web site also provides information on understanding credit reports, credit scores and credit clinics.

We appreciate you as a valued Walmart Credit Card customer and hope you will continue to shop with us. If you have any questions or if we may be of further assistance, please contact us at the toll free number below.

Sincerely,

Customer Service Department
1-877-294-7880

Account is owned by GE CAPITAL RETAIL BANK - Member FDIC

**EXHIBIT F**

May 19, 2014

From: James Cheslek
   5515 Havasu Ave. NW
   Albuquerque, NM 87120

To: GE Capital Retail Bank
   PO Box 965022
   Orlando FL. 32896-5022

Account number ending in 5669

Dear Sir/Madam:

I have been writing to you since December 9, 2013 requesting you verify the above captioned account. I feel like I am getting the runaround. You keep saying you cannot help me because you no longer own this account. However, Secured Credit Services, who you say is the owner of this account, does not appear anywhere on my Transunion, Equifax or Experian credit reports. So, if the alleged owner of this account is not reporting it negatively, why are you?

You say you have reviewed the following information to verify the accuracy of your reporting:
- Purchases
- Payment history
- Account statements
- Written correpondence
- Account notes

If you will review my correspondence of December 9, 2013 that is exactly what I have been asking for the last six months. I need to review these documents to verify the existence and accuracy of this alleged account. So, now that you acknowledge that you have these docuents, I will ask you one more time nicely to forward them to me so I can review them and verify the accuracy of your reporting. I do not know why we have had to correspond for six months to finally get to the point where you acknowledge that these documents exist. I will look forward to receiving these documents within the next couple of weeks.

Sincerely,

James A. Cheslek

**EXHIBIT G**



**GE Capital**

PO Box 981426
El Paso, TX 79998
USA

5/28/2014

James Cheslek
5515 Havasu Ave NW
Albuquerque, NM   87120

Re: James Cheslek
Account Number: XXXXXXXXXXXX5669
Program: Walmart

Dear James Cheslek:

Please accept this letter as confirmation that we no longer own the account, listed above. Please note that we have notified the credit bureaus and instructed them to report our reference to this account as "Sold or Transferred to Another Creditor". The balance associated with our record will be shown as a zero balance.

If you have any questions regarding your account going forward please contact Sec Cred Svcs at 866-699-7889.

Please accept our apologies for any inconvenience this may have caused.

Sincerely,

GE Capital Recovery Resolution Services

**EXHIBIT H**

AVZC

This is an attempt to collect a debt and any information obtained will be used for that purpose.

ASINOTIF
September 11, 2006
General Electric Capital Corporation

V 1.0

June 12, 2014

From: James Cheslek
     5515 Havasu Ave. NW
     Albuquerque, NM 87120

To: GE Capital Retail Bank
    PO Box 981426
    El Paso, TX 79998

Account number ending in 5669

Dear Sir/Madam:

I am in receipt of your letter of May 28, 2014 regarding the above captioned account. I have been writing to you since December 9, 2013 requesting you verify the above captioned account pursuant to the Fair Debt Collection Practices Act. I feel like I am getting the runaround. You keep saying you cannot help me because you no longer own this account. However, Secured Credit Services, who you say is the owner of this account, does not appear anywhere on my Transunion, Equifax or Experian credit reports. So, if the alleged owner of this account is not reporting it negatively, why are you?

You say you have reviewed the following information to verify the accuracy of your reporting:
- Purchases
- Payment history
- Account statements
- Written correpondence
- Account notes

If you will review my correspondence of December 9, 2013 that is exactly what I have been asking for the last six months. I need to review these documents to verify the existence and accuracy of this alleged account/debt. So, now that you acknowledge that you have these docuents, I will ask you one more time nicely to forward them to me so I can review them and verify the accuracy of your reporting. I do not know why we have had to correspond for six months to finally get to the point where you acknowledge that these documents exist. I will not tolerate another letter from you saying you cannot help me because you no longer own this account.

**EXHIBIT I**

     I am enclosing a copy of a lawsuit I am prepared to file in Federal Court if this matter is not properly resolved within the next thirty (30) days. My patience has run out. At his point you have three options:

1. Instruct the three major credit reporting agencies to delete this account from my credit file.
2. Produce for me those items you claim to have reviewed in your correspondence of May 7, 2014, along with a Walmart credit card agreement signed by me and copies of all purchase receipts to verify the amount you claim is owed is accurate.
3. You can respond to my lawsuit in Federal Court in Albuquerque, NM.

     The choice is yours. Please respond by July 17, 2014. If this matter is not resolved by July 17, 2014 I will file the enclosed complaint. Thank you for your attention to this matter.

                                                                                              Sincerely,

                                                                                              James A. Cheslek

August 4, 2014

From: James A. Cheslek
5515 Havasu Ave. NW
Albuquerque, NM 87120

To: GE Capital Retail Bank
PO Box 981426
El Paso TX 79998

Account number ending in 5669

Dear Sir/ Madam:

I am following up my lettter to you of June 12, 2014. I have been writing to you since December 9, 2013 to either verify the debt/amount you claim I owe on this account or have it removed from my credit report. So far all I have gotten are excuses. My letter of June 12 gave you three options:

Instruct the three major credit reporting agencies to delete this account from my credit file. You have not done this.

Produce for me those items you claimed to have reviewed in your correspondence of May 7, 2014, along with a credit card agreement signed by me and copies of all purchase receipts to verify the amount you claim is owed. You also have failed to do this.

Respond to a lawsuit filed by me in Federal Court in Albuquerque, NM. Apparently, this is the option you have chosen.

I am sorry it has come to this. All I have been asking you to do for the last nine months is to properly verify this alleged debt or remove it from my credit report. Apparently, you feel you do not need to follow the law. It has been six weeks since my last letter and you did not even have the courtesy to respond to me. So, I will spend the $400 to file a lawsuit in Federal Court and ask the Court to have this removed from my credit.

Sincerely,

*James A Cheslek*

James A. Cheslek

**EXHIBIT J**